IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER H.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 20 C 01906 |
| v. | ) |
| | ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Peter H.'s application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Dkt. 15, Pl.'s Mot.] is granted, and the Commissioner's cross-motion for summary judgment [Dkt. 18, Def.'s Mot.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by his first name and the first initial of his last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Kilolo Kijakazi has been substituted for her predecessor.

## BACKGROUND

### I. Procedural History

On August 21, 2017, Plaintiff filed a claim for DIB and SSI, alleging disability since December 1, 2016 due to anxiety, depression, insomnia, and headaches. [R. 78.] Plaintiff's claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 29, 2019. [R. 33.] Plaintiff personally appeared and testified at the hearing and was represented by counsel. [R. 33.] Vocational expert ("VE") Diamond Warren also testified at the hearing. [R. 33, 69.] On April 11, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. [R. 28.] The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017).

### II. The ALJ's Decision

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 16-17.] The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 1, 2016. [R. 17.] At step two, the ALJ concluded that Plaintiff had the following severe impairments: depression, anxiety, and panic disorder. [R. 18.] The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [R. 18-20.] Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: Plaintiff was limited

to performing simple and routine tasks; is limited to simple work-related decisions; and is able to frequently interact with supervisors and coworkers and is able to occasionally interact with the public. [R. 20-26.] At step four, the ALJ concluded that Plaintiff would be able to perform his past relevant work as a store laborer. [R. 26-27.] The ALJ further concluded, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act. [R. 27-28.]

## DISCUSSION

### I. Judicial Review

Under the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.*, at 327.

The ALJ also has a basic obligation to develop a full and fair record, and to "build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837. Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351).

**II. Analysis**

Plaintiff makes four arguments challenging the ALJ's decision, including: (1) the ALJ's RFC assessment failed to accommodate Plaintiff's mental impairments; (2) the ALJ failed to

properly account for the effects of Plaintiff's chronic headaches; (3) the ALJ erred in evaluating Plaintiff's subjective statements; and (4) the ALJ improperly evaluated opinion evidence. After reviewing the record and the briefs submitted by the parties, this Court concludes that the ALJ erred in accounting for Plaintiff's mental deficits in crafting the RFC. Because this failure alone warrants remand, the Court need not reach Plaintiff's additional arguments.

The ALJ found that Plaintiff had moderate deficits in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting and managing himself. [R. 19-20.] To account for these deficits, the ALJ crafted an RFC limiting Plaintiff to performing simple and routine tasks, involving only simple work-related decisions. [R. 20.] The ALJ also indicated that Plaintiff could frequently interact with supervisors and coworkers and occasionally interact with the public. [R. 20.]

The ALJ erred in crafting the RFC in multiple ways. First, the ALJ provided *no explanation for how* the RFC accounts for any of plaintiff's mental impairments or limitations; instead, the ALJ simply recited pages of evidence from the medical record and identified an RFC without any meaningful analysis establishing how or why the limitations identified in the RFC connect with the record. But "[m]erely reciting the medical evidence in close proximity to conclusions does not create an accurate and logical connection between evidence and conclusions." *Hinton v. Colvin*, No. 10 C 2828, 2013 WL 2590711, at *7 (N.D. Ill. June 11, 2013). It is not possible for the Court to review an unreasoned RFC; the ALJ's failure to explain how he arrived at any specific limitations itself warrants remand. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("[T]he ALJ did not explain how he arrived at these conclusions

5

[regarding specific limitations]; this omission in itself is sufficient to warrant reversal of the ALJ's decision.").[3]

Second, the limitations identified in the RFC are precisely of the kind the Seventh Circuit has rejected as misdirected at concentration, persistence, and pace. Although the Court cannot definitively say which RFC restrictions are directed at Plaintiff's CPP limitations—because the ALJ provided no explanation for how the RFC accounts for plaintiff's limitations—the Court notes that the RFC's restriction to "simple and routine tasks" involving only "simple work-related decisions" has been roundly criticized by the Seventh Circuit as inadequate to account for moderate CPP limitations. *See, e.g., DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) ("An ALJ need not use specific terminology, but we have repeatedly rejected the notion that a hypothetical ... confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.") (cleaned up). Observing that an individual can perform simpler tasks "says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

---

[3] The ALJ did note that state agency psychological consultants found that Plaintiff had capabilities similar to those provided for by the RFC. [R. 26.] But the ALJ found the consultants' findings "persuasive to the extent they [sic] consistent with the residual functional capacity above." [R. 26]. The ALJ did not provide any explanation for why "the residual functional capacity above" appropriately accounted for Plaintiff's mental limitations; to the extent the ALJ relied on his citation to the agency consultants' findings to do that work for him, his logic is circular, as he only credited their opinions to the extent they were consistent with the RFC. Moreover, the ALJ's assessment of the state agency consultant's opinions is, at best, conclusory, lacking any meaningful engagement or analysis of the record beyond a general citation to broad categories of records the ALJ says indicated that claimant had "fair eye contact, insight, and judgment at times" and intact memory. [R. 26.] Although the Court does not reach Plaintiff's argument regarding evaluation of opinion evidence, it is unlikely the Court would conclude that the ALJ's perfunctory assessment of the state agency consultants' opinions was supported by substantial evidence.

The Commissioner defends the ALJ's decision by noting that the ALJ was parroting limitations described by the agency consultants whose opinions the ALJ credited, citing *Burmester v. Berryhill*, 920 F.3d 507, 511–12 (7th Cir. 2019). But this case is of the type that the Seventh Circuit in *Burmester* suggested would require remand. In that case, the ALJ was permitted to rely on a physician's "Statement of Work Capacity" that indicated that concentrating at work would be manageable for the claimant. *Id*. at 512. But the ALJ was entitled to do so because—unlike in *DeCamp* (cited above)—the physician's evaluation contained no "checkbox indicating a moderate [CPP] limitation," and there was no other finding that the claimant had impaired concentration. *Id*. This case is like *DeCamp*, and not *Burmester*, because the agency consultants whom the ALJ found to be at least partially persuasive *did* note that Plaintiff had moderate CPP limitations, including moderate limitations in his ability to "maintain attention and concentration for extended periods." [R. 83-84, 97-98.] The ALJ was required to properly account for Plaintiff's moderate CPP limitations, and failed to do so by omitting any meaningful explanation for his RFC and by employing limitations that the Seventh Circuit has repeatedly rejected as inadequate. *DeCamp*, 916 F.3d at 676 ("But even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record, including specific questions raised in check-box sections of standardized forms such as the PRT and MRFC forms."). Nor did the ALJ "explain[], with support from the medical record, how a restriction to" simple and routine tasks involving only simple work-related decisions "addresses the claimant's specific concentration, persistence, or pace limitations." *Christopher G. v. Kijakazi*, No. 19 CV 5046, 2022 WL 1989119, at *4 (N.D. Ill. June 6, 2022); *c.f. Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) (limitation to routine tasks and limited interactions with others was appropriate where claimant's "impairments surface only when he is with other people or in a crowd").

Because the ALJ's failure to properly craft and explain the RFC requires remand, the Court need not evaluate the remaining issues identified by the Plaintiff. On remand, however, the Administration should not construe the Court's silence on the remaining issues as an indication that the ALJ's initial adjudication was appropriate or not with respect to those issues.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [15] is granted, and the Commissioner's motion for summary judgment [18] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 6/9/2022

BETH W. JANTZ
United States Magistrate Judge